IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JAMES M. DAVIS and ANDREA E. DAVIS,<br><br>Plaintiffs,<br><br>vs.<br><br>TOP FLIGHT ACADEMY LLC dba TOP FLIGHT ACADEMY, et al.<br><br>Defendants, | **ORDER and<br>MEMORANDUM DECISION**<br><br><br><br>Case No. 2:10-cv-516 CW |

Now before the court is a motion to set aside entry of default by Defendants Top Flight Academy LLC d/b/a Top Flight Academy and Clayton Justensen (Dkt. No. 13). For the reasons set forth below, this motion is GRANTED.[1]

"The court may set aside an entry of default for good cause . . ." Fed. R. Civ. P. 55(c). Good cause "'poses a lesser standard. . . than excusable neglect.'" *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 Fed. Appx. 744, 750 (10th Cir. 2009) (citation omitted). Determining good cause is left to the court's discretion. *See id.* To decide whether to set aside entry of default, courts consider issues such as "whether the default was willful," whether there would be

---

[1] Because the court has determined that oral argument will not be helpful in this case, it will decide this motion on the basis of the written memoranda under DUCivR 7-1(f).

prejudice to the opposing party, and whether the defendant appears to have a meritorious defense. *See id.* (citation omitted).

Here, the moving Defendants assert that their default is explained by poor communication. Specifically, their previous counsel did not inform them that upon transfer from the district court in California to this court, the case would remain active and they would be required to respond to the complaint here. While the court is somewhat skeptical of this explanation, the default nonetheless does not appear to be willful. Second, Plaintiffs have not shown prejudice to them by setting aside the default. While the motion to set aside has caused some delay in this case, such delay is not the type of prejudice the court considers under Rule 55(c). Finally, it appears that the Defendants will present a credible defense to the allegations in this case.

For these reasons, the motion to set aside entry of default is GRANTED. The moving Defendants shall respond to the complaint by September 16, 2011. The hearing previously set on this motion is STRICKEN.

SO ORDERED this 30th day of August, 2011

BY THE COURT:

_____
Clark Waddoups
United States District Judge